UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICO ROYAL et al., <br><br> Plaintiffs, <br><br> v. <br><br> DURINGER LAW GROUP, PLC et al., <br><br> Defendants. | Case No.: 3:18-cv-00541-L-AGS <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

In this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), Defendants filed a motion to dismiss for failure to state a claim. Plaintiffs opposed, and Defendants replied. The Court decides this matter on the briefs without oral argument. *See* Civ. L. R. 7.1.d.1. For the reasons stated below, Defendants' motion is denied.

According to the complaint, Plaintiffs were renting an apartment from Christopher and Kim Lee (collectively "Lessor"). On March 24, 2017, Plaintiffs received a Notice to Pay Rent or Quit ("Notice") demanding payment of $13,660.33 for rent due from September 1, 2016, through April 1, 2017. The Notice stated that, if Plaintiffs failed to pay within three days, "the Lessor will institute legal proceedings to recover the rent and possession

/ / / / /

1

of the Premises . . .." (Compl. Ex. 1.)[1] On March 29, 2017, Defendants filed an unlawful detainer action on Lessor's behalf, seeking to collect past due rent of $13,660.33, among other things. (*Id.* Ex. 2.) Plaintiffs filed an answer denying that rent was due, and alleged the unlawful detainer was filed in retaliation for their complaints about the dust blown into their apartment from the HVAC system in violation of the warranty of habitabiliy. (*Id.* Ex. 3; *see also* Defs' Ex. 1.) On May 30, 2017, the unlawful detainer action was tried to a jury. (Compl. Ex. 4.) The jury found that the Lessor should not recover anything. (*Id.*)

Plaintiffs filed this action against the Lessor's attorney and his firm alleging multiple violations of the FDCPA, based on the contention that Defendants' representations that rent was owing and that the debt provided grounds for eviction were false, as shown by the judgment entered in the unlawful detainer action. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

Defendants filed a motion for dismiss under Federal Rule of Civil Procedure 12(b)(6). A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984).

---

[1] Generally, in ruling on a motion under Rule 12(b)(6), a court may not consider any material beyond the pleadings, or the motion must be treated as a motion for summary judgment and the parties provided an opportunity to present all pertinent material. Fed. R. Civ. Proc. 12(d); *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011). However, the Court may consider materials that are attached to, or referenced in, the complaint and matters of public record, to the extent the Court can take judicial notice under Federal Rule of Evidence 201. *Corinthian Colleges,* 655 F.3d at 999.

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.,* 139 F.3d 696, 699 (9th Cir. 1998).

Defendants initially argue that they did not make any actionable representations because Plaintiffs did not receive the Notice, the Notice was signed by the Lessor, they relied on the Lessor's representations in filing the unlawful detainer lawsuit, and they did not know that the rent amount was inaccurate. None of the arguments are persuasive.

Defendants' claim that Plaintiffs did not receive the Notice cannot be reasonably inferred from the complaint. It is solely based on Plaintiffs' amended answer in the unlawful detainer action, wherein they included a general denial of Paragraphs 7 and 8 of the unlawful detainer complaint. (Defs' Ex. 1.) Paragraphs 7 and 8 speak to whether and how Plaintiffs were *served,* not whether they *received* the Notice. (Compl. Ex. 2.)

Defendants' contention that they did not sign the Notice is also unavailing. Although the Notice had an /s/ signature for Mr. Lee as the Lessor, the Notice was on Defendants' letterhead. The Notice also stated that Defendants were Lessor's counsel. (Compl. Ex. 1.) It is reasonable to infer that the Notice was prepared by Defendants. At the pleading stage, the Court must draw all reasonable inferences in favor of the non-moving party. *Huynh,* 465 F.3d at 999 n.3.

Defendants' argument that they did not know the amount owing was inaccurate because they relied on their client for the information is equally unavailing.[2] The

---

[2] Defendants mostly cite District Court cases in support of their arguments. A decision of a federal district court judge is not binding precedent in either a different

FDCPA applies to litigation attorneys involved in collection actions with the same force as to any other debt collector. *See Heintz v. Jenkins,* 514 U.S. 291 (1995). Defendants do not dispute Plaintiffs' allegation that that the principal purpose of Defendants' business is debt collection. (Compl. at 3.) The FDCPA is a strict liability statute, which, for purposes of liability, does not require the plaintiff to prove that a representation was intentionally or knowingly false. *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1061 (9th Cir. 2011); *Clark v. Capital Credit Collection Servs.,* 460 F.3d 1162, 1175-76 (9th Cir. 2006).

However, under appropriate circumstances, Defendants' lack of knowledge may provide a basis for the bona fide error defense under §1692k(c). *Clark,* 460 F.3d at 1174-77. In this regard, section 1692k(c) provides an affirmative defense. *Id.* at 1177. A complaint may be dismissed under Rule 12(b)(6) based on an affirmative defense "only if the defense is clearly indicated and appears on the face of the pleading." *Harris v. Amgen, Inc.*, 788 F.3d 916, 943 (9th Cir. 2014), *rev'd on other grounds in Amgen, Inc. v. Harris*, 136 S. Ct. 758 (2016) (internal quotation marks, brackets and citations omitted); *see also Jones v. Bock*, 549 U.S. 199, 211-12 & 215 (2007). In the present case, the defense is not apparent on the face of the complaint.

Defendants next contend that the representation regarding rent is not actionable because the alleged falsity was not objectively determinable. Plaintiffs allege that the representation violated §1692e, which prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt . . .;" and § 1692f, which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt . . .." It cannot be seriously disputed that the amount of rent to be collected was false. In the unlawful detainer action, the state court determined that Plaintiffs owed nothing. (Compl. Ex. 4.)

---

judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Green,* 563 U.S. 692 n.7 (2011).

4

To the extent Defendants maintain that the amount was correct pursuant to certain accounting procedures, this may be relevant to the bona fide error defense, on which Defendants bear the burden of proof. *See Clark,* 460 F.3d at 1177. However, because the defense is not apparent on the face of the complaint, Defendants' argument is insufficient to prevail on a Rule 12(b)(6) motion.

For the foregoing reasons, Defendants' motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: March 18, 2019

Hon. M. James Lorenz
United States District Judge